In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00050-CV


______________________________




IN RE: DOUGLAS A. DUNN








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 On October 2, 2003, Douglas Dunn, an inmate, filed suit against various prison officials. In
connection with his suit, on March 22, 2006, Dunn filed his "Writ of Habeas Corpus Ad
Testificandum" and his "Motion Requesting Pre-Trial Schedule and Compel Discovery." From the
record, it appears that the trial court denied Dunn's petition for writ of habeas corpus and that the
discovery motion remained pending. Further, by letter to the trial court filed February 9, 2007, Dunn
requested that the trial court set the matter for trial.

 Dunn has filed with this Court a petition for writ of mandamus asking this Court to direct the
trial court to rule on his pending motions and to set the case for trial. On May 1, 2007, the trial court
signed an order dismissing Dunn's underlying action and specifically dismissing any pending
motions. The trial court is authorized to dismiss a claim upon having made certain findings
regarding the veracity or merit of the inmate's allegations. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a) (Vernon 2002). (1)

 In our disposition of Dunn's petition, we do not review the propriety of the trial court's
dismissal itself; such review is a matter for direct appeal. The trial court's dismissal does, however,
render Dunn's petition for writ of mandamus moot. 

 Accordingly, we dismiss as moot Dunn's petition for writ of mandamus.



 Bailey C. Moseley

 Justice


Date Submitted: May 15, 2007

Date Decided: May 16, 2007

1. Specifically, the trial court may dismiss the action before or after service of process, if the
trial court determines that "(1) the allegation of poverty in the affidavit or unsworn declaration is
false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn
declaration required by this chapter that the inmate knew was false." Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a). 


M>McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984); the right to public
trial, Waller v. Georgia, 467 U.S. 39, 49 n.9 (1984); and total deprivation of expert assistance to
which the defendant was entitled, Rey v. State, 897 S.W.2d 333, 345 (Tex. Crim. App. 1995).

 Each of these constitutional deprivations is a similar structural defect affecting the
framework within which the trial proceeds, rather than simply an error in the trial
process itself. "Without these basic protections, a criminal trial cannot reliably serve
its function as a vehicle for determination of guilt or innocence, and no criminal
punishment may be regarded as fundamentally fair." Rose v. Clark, 478 U.S. at
577-78 (citation omitted).


Fulminante, 499 U.S. at 310.

 While Carrillo categorizes the trial court's utterances, at the time it assessed his punishment,
as showing that the trial court lacked impartiality, we disagree. Assessing punishment, even if it is
done erroneously, would not ordinarily, alone, demonstrate that the trial court lacked impartiality. 
The comments made by the trial court, at the time it imposed a sentence, provided no such
demonstration here. We can find no structural error.

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 19, 2009

Date Decided: August 20, 2009


Do Not Publish

1. The trial court had commented to the jury that, in the event of a revocation, "I would think
it would be a safe investment that it's going to be addressed, and your will carried out for any
violation." The court continued, "That probably won't be during my tenure as judge.  . . . [T]his is
the last year of my service." In context, the court was not promising any particular sentence for
Carrillo in the event of a revocation.